UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSAIN MUBASHAR,<br><br>                   Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>                   Respondents. | Case No.:  3:26-cv-0836-CAB-DDL<br><br>**ORDER PARTIALLY GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Hussain Mubashar's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner, proceeding pro se, claims he is being detained by immigration authorities in violation of the Due Process Clause of the Fifth Amendment. [*Id.* at 4–5.] He seeks immediate release or, at minimum, a bond hearing. [*Id.* at 4, 5, 7.] For the reasons below, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

## I.    BACKGROUND

Petitioner is a citizen of Pakistan who entered the United States near San Ysidro, California on December 13, 2024. [Doc. No. 4 at 1.] He was determined to be an inadmissible arriving alien under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and taken into Immigration and Customs Enforcement ("ICE") custody pursuant to 8 U.S.C. § 1225(b). [*Id.*] He was

then issued a Notice to Appear, which initiated removal proceedings. [*Id.*] On September 16, 2025 Petitioner had an individual merits hearing in front of an immigration dudge ("IJ"), who denied his application for asylum, withholding of removal under both the Immigration and Nationality Act ("INA") § 241(b)(3) and the Convention Against Torture, as well as his deferral of removal under the Convention Against Torture. [*Id.* at 2.] The IJ ordered his removal to Pakistan and Petitioner appealed. [*Id.*] As his appeal is pending, there is no final order of removal. [*Id.*]

## II.   LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

Petitioner argues that his prolonged detention without a bond hearing—over fifteen months—violates his Fifth Amendment right to due process. [Doc. No. 1-3 at 2.] Respondents counter that the relevant statutory language of § 1225(b)(2) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved. [Doc. No. 4 at 4–9.] The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court has not decided the *constitutional question* of whether indefinite detention is permitted. *L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *5–6 (S.D. Cal. Jan. 16, 2026).

As to that constitutional question, this Court recently held in *L.R.G.* that a due process violation may occur when § 1225(b) results in practically indefinite civil detention. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *6; *see Kydyrali v. Wolf*, 499 F.Supp.3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in

concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process.").  Respondents' position has also been questioned by the Ninth Circuit:

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.  Arbitrary civil detention is not a feature of our American government.  "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances."

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (internal citation omitted) (alteration in original).

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.  *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given he has been detained for over a year.  *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year).  Regarding the second factor, which consists of "the anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" Petitioner submitted his appeal on October 22, 2025 and it is unclear whether it will be adjudicated soon.  [Doc. No. 4 at 2]; *Banda*, 385 F.Supp.3d at 1119.  Accordingly, the second factor favors Petitioner.  As to the third *Banda* factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble

penal confinement, the stronger his argument that he is entitled to a bond hearing." *Id.* (second alteration in original). Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G.*, who was also detained at Otay Mesa Detention Center, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication." No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8. Thus, the third factor favors Petitioner.

Regarding the fourth factor, there is no evidence in the record that Petitioner caused any delays and therefore, this factor weighs in his favor. The fifth factor weighs against Petitioner as he does not allege that the government has caused any delays. Finally, the sixth factor is neutral as it is unclear what the result of Petitioner's removal proceedings will be.

In sum, factors one (the most important), two, three, and four weigh for Petitioner, while factor five weighs against him, and factor six remains neutral. With four factors, including the most important factor, in his favor, and only one factor against him, the Court concludes that Petitioner's continued mandatory detention without a bond hearing violates his right to due process. Petitioner is entitled to an individualized bond hearing before an immigration judge.

### IV.    CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **March 23, 2026**. Respondents shall update the Court on the result of the bond hearing by **March 24, 2026**.

It is **SO ORDERED**.

Dated: March 16, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

4

3:26-cv-0836-CAB-DDL